57 F.3d 1061
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Paul LITTLE, Petitioner, Appellant,
v.
Michael CUNNINGHAM, Warden, Etc., et al., Respondents, Appellees.
 No. 95-1162.
 United States Court of Appeals,
First Circuit.
 June 16, 1995.
 
 Paul J. Twomey, with whom Twomey & Sisti Law Offices was on brief, for appellant.
 Joseph N. Laplante, Assistant Attorney General, with whom Jeffrey R. Howard, Attorney General, was on brief, for appellees.
 D.N.H.
 AFFIRMED.
 Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and CYR, Circuit Judge.
 SELYA, Circuit Judge.
 
 
 1
 Petitioner-appellant Paul Little asked the federal district court to invoke its habeas corpus powers, 28 U.S.C. Secs. 2241-2254 (1988), and set aside a sentence imposed in a New Hampshire state court.
 
 
 2
 The historical facts are largely undisputed. The parties entered into an agreement for a "naked plea," i.e., a guilty plea that would merit a mutually agreed sentencing recommendation by the prosecutor without purporting to bind the sentencing court to accept the recommendation. The state initially failed to make the agreed recommendation and the superior court levied a more severe sentence. On appeal, the New Hampshire Supreme Court vacated the sentence. Petitioner was resentenced before a different judge, and a prosecutor who was new to the case represented the state at resentencing. In petitioner's view, she gave mere lip service to the state's promise and thereby deprived petitioner who again received a stiffer sentence than the state had agreed to suggest of due process. When petitioner appealed, the state supreme court refused to set the sentence aside. This habeas corpus proceeding followed. The gravamen of Little's petition is his charge that the state, having agreed to recommend a specific sentence in exchange for petitioner's guilty plea, effectively subverted the bargain.
 
 
 3
 We share petitioner's major premise: the Due Process Clause proscribes not only the explicit repudiation of a prosecutor's assurances to the defendant, but also forbids end-runs around those assurances. See, e.g., United States v. Canada, 960 F.2d 263, 269-70 (1st Cir. 1992); United States v. Brown, 500 F.2d 375, 377-78 (4th Cir. 1974); United States v. Voccola, 600 F. Supp. 1534, 1537 (D.R.I. 1985); see generally Santobello v. New York, 404 U.S. 257, 262 (1971). We disagree, however, with petitioner's conclusion that the state violated this tenet on resentencing.
 
 
 4
 We will not tarry. The district court, in a thoughtful rescript, declined to issue the writ. See Little v. Cunningham, No. C-94-523-L (D.N.H. Dec. 29, 1994). We have previously stated, and today reaffirm, that when a district judge produces a well- reasoned opinion that reaches the correct result, a reviewing tribunal should not rush to write at length merely to put matters in its own words. See, e.g., In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). So it is here. Consequently, we affirm the district court's dismissal of petitioner's habeas application for substantially the reasons set forth in that court's rescript.
 
 
 5
 We add only a decurate comment. The jurisprudence of habeas corpus demands that a federal court cede substantial deference to the state courts' subsidiary findings of fact. See 28 U.S.C. Sec. 2254(d) (stipulating presumption of correctness that attaches to state court findings of fact in federal habeas proceedings); see also Miller v. Fenton, 474 U.S. 104, 112-15 (1985). The issue that petitioner raises here whether the second prosecutor, although mouthing the agreed recommendation, simultaneously subverted it is peculiarly fact-sensitive. The record, interpreted one way, is capable of supporting petitioner's view. But interpreted another way, the record is equally capable of supporting the state courts' findings. Both interpretations are reasonable. Neither interpretation is compelled. That ends the matter: where, as here, the record in a habeas case supports plausible but conflicting factbound inferences, we think that the state courts' choice between them is entitled to the presumption of correctness. See Neron v. Tierney, 841 F.2d 1197, 1200 (1st Cir.) (holding that the presumption of correctness "attaches in full flower" where a state court's factual determinations are " 'fairly supported by the record' ") (quoting 28 U.S.C. Sec. 2254(d)(8)), cert. denied, 488 U.S. 832 (1988).
 
 
 6
 We need go no further. The judgment below must be Affirmed.